_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAR 16 2016

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTOR E. SAMUELS | * | |
| A/K/A VAUGHN H. SAMUELS | | |
| Plaintiff, | * | |
| | | |
| v. | * | CIVIL ACTION NO. WMN-16-722 |
| | | |
| LENORE GELFMAN | * | |
| MARY M. KRAMER | | |
| CORRIE A. BOULAY | * | |
| WILLIAM V. TUCKER | | |
| STEPHANIE PORTER | * | |
| DANA LEVITZ | | |
| MICHAEL FINIFTER | * | |
| ALEXANDRA WILLIAMS | | |
| JASON CUOMO | * | |
| NANCY LEVIN | | |
| REBECCA HEYMANN-MAGZINER | * | |
| SANDRA SOUDER | | |
| PHYLLIS W. BROWN | * | |
| DIANE O. LEASURE | | |
| SUSAN BECHTEL | * | |
| SCOTT D. SHELLENBERGER | | |
| Defendants. | * | |

*****

## MEMORANDUM

On March 11, 2016, Victor E. Samuels ("Samuels") filed a self-represented, 70-page Complaint against state court judges and masters, prosecutors and attorneys involved in ongoing limited divorce, custody, visitation, and child support proceedings in the Circuit and District Courts of Baltimore County and the Circuit Court for Howard County. The action is filed under this court's federal question jurisdiction. Plaintiff takes issue with the decisions entered in the state court affecting the custody and visitation of his four minor children. He raises conclusory claims of race, gender bias and religious discrimination, along with due process violations and retaliatory animus, as

to rulings issued in the state court and seeks injunctive relief to enjoin a number of state court orders involving child support, legal and physical custody, visitation, divorce, alimony, and other fiduciary matters. In addition, Samuels asks to be awarded compensatory and punitive damages and seeks declaratory relief, asking that his case be referred to the Department of Justice and/or the Federal Bureau of Investigation. ECF No. 1.

Accompanying the Complaint is Samuels' Application to Proceed In Forma Pauperis. Samuels indicates that he is currently employed, earning a monthly gross income of $3,923.00. Remaining portions of the Application have not been completed. For example, while Samuels lists real estate taxes, property insurance, and motor vehicle expenses, he does not include any real property and/or automobiles among his assets. ECF No. 2 at pp. 3-4. The Application shall be denied.[1]

In reviewing the Complaint, it is apparent that Samuels is challenging the decisions of district and circuit court judges involving divorce, custody and visitation proceedings between his wife and himself and is invoking federal jurisdiction to have this court intervene in such matters. Plaintiff claims subject matter jurisdiction based on federal question jurisdiction. "It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004); *see also Snead v. Board of Educ. of Prince George's County*, 815 F.Supp.2d 889, 893-894 (D. Md. 2011); Fed. R. Civ. P. 12(h)(3).

The case may not proceed in this court for a number of reasons. First, it involves matters of family law. Such issues have traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Under

---

[1] Samuels' Motion for Pro Bono Counsel, ECF No. 3, shall be denied.

the domestic relations exception to federal jurisdiction, federal courts generally abstain from review of such cases. *See Ankenbrandt v. Richards*, 504 U.S. 689, 701-05 (1992). It may be appropriate for the federal courts to decline to hear a case involving elements of the domestic relationship, even when divorce, alimony or child custody is not strictly at issue:

> This would be so when a case presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. Such might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties.

*Id.* at 705-706 (quoting *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 814 (1976)).

This conclusion is supported by sound policy considerations. Issuance of decrees of this type frequently involve retention of jurisdiction by the state court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more suited to work of this type than are federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over child custody and support decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power over these cases because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

Second, the court is also without jurisdiction to review the gravamen of the allegations. The *Rooker–Feldman* doctrine is based upon the holdings of the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The doctrine operates to deprive a district court of subject matter jurisdiction only in a narrow set of circumstances, specifically in "cases brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). In *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006), the Fourth Circuit held that "the *Rooker–Feldman* doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." That is, " *Exxon* requires us to examine whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the *Rooker–Feldman* doctrine does not apply." 434 F.3d at 718.

Under the *Rooker-Feldman* doctrine, a federal court does not have jurisdiction to overturn a state court judgment, even when the federal complaint raises allegations that the state court judgment violates a claimant's constitutional or federal statutory rights. In creating this jurisdictional bar, the Supreme Court reasoned that because federal district courts have only original jurisdiction, they lack appellate jurisdiction to review state court judgments.[2] In effect, the *Rooker-Feldman* doctrine precludes federal court action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp.*, 544 U.S. at 281. This action is based upon state court proceedings and Samuels' dispute with circuit court judicial determinations arising from cases originating in 2007 and continuing to this date.[3] He

---

[2] The Court explained that only the Supreme Court has federal court appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257.

[3] The state court docket shows that in 2007, Samuels filed a complaint for limited divorce. *See Samuels v. Samuels*, Case No. 03C07007757 (Circuit Court for Baltimore County). In addition, in 2009, a petition to enroll a foreign judgment was filed by Samuels. *See Samuels v. Samuels*, Case No. 13C9079277

may not proceed in this federal district court based upon his dissatisfaction with the state court findings.

Finally, to the extent that Samuels' allegations may be generously construed to raise a Fourteenth Amendment claim, his legal assertion of discrimination amounts to a bald assertion, unsupported by any factual claims. Generally, to establish an equal protection claim, a plaintiff must demonstrate that, (1) compared with others similarly situated, he was selectively treated, and (2) that the selective treatment was motivated by purposeful discrimination on some improper basis, such as plaintiff's membership in a particular race or religion. *See Hernandez v. New York*, 500 U.S. 352, 360 (1991).

Here, Samuels baldly asserts that he is subject to discrimination. He provides no factual basis to support his conclusory claims of discriminatory intent on the basis of gender, race, or religion. His assertions alone fail to establish a prima facie case of discrimination. Samuels' allegations are insufficient to state a plausible claim that he has a right to relief "above the speculative level." *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 S. Ct. 662, 677-78 (2009) (pleading offering only conclusions "will not do"). Accordingly, Samuels' equal protection claim is subject to dismissal.

---

(Circuit Court for Howard County). Further, in 2014 and 2015, complaints for limited and absolute divorce were filed by Jameelah Samuels and subsequently consolidated. *See Samuels v. Samuels*, Case No. 13C14101378 (Circuit Court for Howard County) and *Samuels v. Samuels*, Case No. 13C150105928 (Circuit Court for Howard County). According to the state court docket, issues involving child support and custody access are under review. The docket also reveals that in 2015, Samuels filed a complaint for limited divorce. *See Samuels v. Samuels*, Case No. 13C15105401 (Circuit Court for Howard County).

Although Samuels has been denied leave to proceed in forma pauperis, the Complaint is dismissible for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).[4] A separate Order follows.

Date: March 16, 2016   /s/
William M. Nickerson
Senior United States District Judge

---

[4] This rule states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."
...